IN RE ANNEXATION OF 311.8434 ACRES OF LAND IN FRANKLIN AND TURTLECREEK TOWNSHIPS, WARREN COUNTY AND LEMON TOWNSHIP, BUTLER COUNTY TO THE CITY OF MIDDLETOWN: BOARD OF TRUSTEES OF FRANKLIN TOWNSHIP ET AL., APPELLEES, *v.* LEWIS ET AL., APPELLANTS.

[Cite as *In re Annexation of 311.8434 Acres of Land* (1992), 64 Ohio St.3d 581.]

(No. 91–1038—Submitted May 5, 1992—Decided September 2, 1992.)

582

*Schwartz, Manes & Ruby* and *William B. Singer,* for appellees.

*Sheldon A. Strand,* Law Director, and *Leslie S. Landen,* for appellants.

HOLMES, J.  The main issue in this case is whether township trustees and/or other disappointed parties may appeal the allowance of a landowners' petition for annexation pursuant to R.C. Chapter 2506.  For the reasons that follow, we answer such query in the negative.

## I

### Statutory Remedies
### R.C. Chapter 2506 Appeal vs. R.C. 709.07 Injunction

We decided in *In re Petition to Annex 320 Acres to the Village of S. Lebanon* (1992), 64 Ohio St.3d 585, 597 N.E.2d 463, paragraph one of the syllabus, a case heard the same day as the one at bar, that "R.C. 709.07 provides the exclusive remedy for persons who challenge a board of county commissioners' approval of a landowners' annexation petition." Therefore, in the absence of any other statutory provision conferring standing upon a party to appeal a county board of commissioners' allowance of a landowners' petition for annexation, the sole remedy available to objecting parties to challenge the board's decision is by petitioning for an injunction pursuant to R.C. 709.07.

## II

### Township Trustees' Standing to Appeal
### Pursuant to R.C. Chapter 2506

Appellees maintain in their second proposition of law that R.C. 505.62, as amended in 1984, confers standing upon boards of township trustees to appeal decisions of boards of county commissioners on the annexation of township territory, regardless of whether the decision was to allow or disallow the annexation, pursuant to R.C. 709.07 or Chapter 2506. Thus, appellees maintain that trustees have a choice of appellate remedies. We disagree.

In *In re Appeal of Bass Lake Community, Inc.* (1983), 5 Ohio St.3d 141, 5 OBR 273, 449 N.E.2d 771, this court determined that township trustees have standing to participate in an R.C. 709.07 injunctive proceeding where a petition for annexation has been granted, but the trustees have no standing to appeal the denial of a petition for annexation pursuant to R.C. Chapter 2506. This court concluded in *Bass Lake* that:

"From these provisions it can be seen that the General Assembly has afforded a considerable right of appeal to those whose rights are directly affected. In contrast, the General Assembly has provided a carefully limited form of relief for other persons to oppose an annexation petition which has been granted. The General Assembly intended these other persons to contest the petition only by meeting the stiffer standards required for an injunction and thus R.C. 709.07 is their sole remedy. There is no protection afforded the township trustees under R.C. Chapter 2506." *Id.*, 5 Ohio St.3d at 144, 5 OBR at 276, 449 N.E.2d at 774.

Thus, as a result of this court's decision in *Bass Lake*, township trustees were left without a means of appealing the disallowance of a petition for annexation.

In 1984 the General Assembly, in direct response to this court's decision in *Bass Lake*, amended R.C. 505.62 to provide:

"A board of township trustees may enter into a contract with, and appropriate township general revenue fund moneys for the services of, an attorney to represent the township at annexation hearings before the board of county commissioners and upon any appeal of the board's decision pursuant to section 709.07 or Chapter 2506. of the Revised Code.

"The board of township trustees of a township that includes territory that is proposed to be annexed has standing in any appeal of the board of county commissioners' decision on the annexation of township territory that is taken pursuant to section 709.07 or Chapter 2506. of the Revised Code, if the board of township trustees was represented at the annexation hearing before the board of county commissioners."

The Legislative Service Commission's Analysis of Sub. H.B. No. 175 states, with regard to the purpose behind amending R.C. 505.62, that:

"[The Substitute House Bill] confers standing upon boards of township trustees in an appeal of a decision denying the annexation of township territory, under the Local Government Appellate Procedure Act."

Furthermore, the Legislative Service Commission Analysis explains:

"Current law permits a board of township trustees to pay an attorney from township general revenue fund moneys to represent the township at annexation hearings before the board of county commissioners, and at any appeal of the commissioners' decision *allowing* an annexation pursuant to a statute establishing procedures for an injunction against annexation under these circumstances. But the Ohio Supreme Court has ruled, in *In re Appeal of Bass Lake Community*, 5 Ohio St.3d 141, 5 OBR 273, 449 N.E.2d 771, that boards of township trustees lack standing in an appeal of a *denial* of an annexation petition, pursuant to the Local Government Appellate Procedure Act (which provides a general right of appeal for those whose rights have been challenged by action of an administrative board).

"The bill should confirm standing upon a board of township trustees in an appeal of a denial of an annexation petition as well as in an appeal of a decision granting such a petition.* * * *" (Emphasis *sic*.)

The above analysis indicates that R.C. 505.62, as amended, was only a response to this court's prior determination that township trustees lacked standing in an appeal from the denial of a petition for annexation. The

amendment to R.C. 505.62 did not change the procedure for challenging the allowance of a landowners' petition for annexation. As we observed in *Middletown v. McGee* (1988), 39 Ohio St.3d 284, 285, 530 N.E.2d 902, 903, " * * * it is the policy of the state of Ohio to encourage annexation by municipalities of adjacent territory." This policy would be thwarted to a great extent if township trustees were provided the broad appeal rights contained in R.C. Chapter 2506. Thus, township trustees may appeal a board of county commissioners' denial of a landowners' petition for annexation through an R.C. Chapter 2506 appeal. However, township trustees may challenge a board of county commissioners' allowance of a landowners' petition for annexation only through an R.C. 709.07 injunction action.

In the case *sub judice* appellees brought an R.C. Chapter 2506 appeal from the allowance of a landowners' petition for annexation. Since we have determined that the appropriate remedy for appellees in this situation is an R.C. 709.07 injunction action, we reverse the court of appeals' determination to allow the appeal to proceed under R.C. Chapter 2506.

Accordingly, for the foregoing reasons, the judgment of the court of appeals is reversed and the trial court's order is reinstated.

*Judgment reversed.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.