IN RE ANNEXATION OF 466.112 ACRES FROM WASHINGTON TOWNSHIP, MONTGOMERY COUNTY, TO THE CITY OF CENTERVILLE: BOARD OF TRUSTEES OF WASHINGTON TOWNSHIP, APPELLEE, *v.* CITY OF CENTERVILLE, APPELLANT.

[Cite as *In re Annexation of 466.112 Acres of Land* (1992), 65 Ohio St.3d 226.]

(No. 91–2472—Submitted October 14, 1992—Decided December 16, 1992.)

*Moots, Cope & Stanton, Elizabeth M. Stanton, Wanda L. Carter* and *James Clark; Bieser, Greer & Landis* and *Howard P. Krisher,* for appellee.

*Shuler, Plank, Morgan & Brahm* and *Richard C. Brahm; Altick & Corwin* and *Robert N. Farquhar,* for appellant.

*Calfee, Halter & Griswold, John E. Gotherman* and *Stanley J. Dobrowski,* urging reversal for *amicus curiae,* Ohio Municipal League.

*Michael H. Cochran,* urging affirmance for *amicus curiae,* Ohio Township Association.

*Per Curiam.* The threshold issue in this case is whether the trial court had subject-matter jurisdiction of the R.C. Chapter 2506 appeal filed by the Washington Township trustees from the allowance of a municipal petition for annexation pursuant to R.C. 709.16(B). For the reasons that follow, we answer such query in the negative.

Recently, this court stated in *In re Annexation of 311.8434 Acres of Land* (1992), 64 Ohio St.3d 581, 597 N.E.2d 460, syllabus, in the limited context of an individual landowners' petition for annexation, that:

"Township trustees may appeal a board of county commissioners' *denial* of a landowners' petition for annexation through an R.C. Chapter 2506 appeal. However, township trustees may challenge a board of county commissioners' *allowance* of a landowners' petition for annexation only through an R.C. 709.07 injunction action." (Emphasis added.)

Thus, this court must determine whether an R.C. 709.07 injunction action is also the remedy for aggrieved township trustees for the allowance of a petition, pursuant to R.C. 709.16(B), for annexation of contiguous property that is owned by a municipal corporation. R.C. 709.16 provides with respect to annexation petitions by a municipal corporation that:

"(A) When a petition for the annexation of contiguous territory by a municipal corporation is presented to the board of county commissioners,

proceedings shall be had in all respects, *so far as applicable,* as are required by sections 709.02 to 709.12 of the Revised Code.

"(B) If the only territory to be annexed is contiguous territory owned by the municipal corporation seeking annexation and if such territory is located entirely within the same county as the municipal corporation seeking annexation, upon receipt of the petition required by section 709.15 of the Revised Code, the board of county commissioners shall, by resolution, approve the annexation * * *. The annexation shall be complete upon the entry, pursuant to the board's resolution, of an order upon the journal of the board authorizing such annexation.

"(C) If the only territory to be annexed is contiguous territory owned by the county, upon receipt of the petition required by section 709.15 of the Revised Code, the board of county commissioners, by resolution, may disapprove the annexation, or may approve the annexation * * *.

"(D) * * *

"(E) Section 709.17 of the Revised Code does not apply to an annexation of territory described in division (B) or (C) of this section." (Emphasis added.)

R.C. 709.16 provides three separate and distinct provisions relating to how a municipality may petition to annex territory. One, a municipal corporation can petition for the annexation of contiguous property which is not owned by either the municipality or the county. R.C. 709.16(A). In that situation, the board of county commissioners must hold a hearing and exercise its discretion in determining, *inter alia,* whether the proposed property to be annexed is not unreasonably large and whether the general good of the territory to be annexed will be served. R.C. 709.033(D); *State ex rel. Loofbourrow v. Franklin Cty. Bd. of Cty. Commrs.* (1957), 167 Ohio St. 156, 4 O.O.2d 145, 146 N.E.2d 721. Another situation, applicable in this case, is where the petition seeks to annex contiguous property that is owned by the municipal corporation itself pursuant to R.C. 709.16(B). For such an annexation to be complete, subdivision (B) requires only that the board make an entry of an order upon its journal. The third category of municipal annexation is found in subdivision (C), where the territory to be annexed is contiguous territory owned by the county; in this situation, the board may either approve or disapprove the annexation. Here, again, if the board approves the annexation, it is complete upon journal entry by the board.

Thus, the procedure set out in R.C. 709.16(B) is abbreviated. If all the requirements are met (*i.e.,* the property is contiguous, is wholly owned by the municipality, and is located entirely within the county), then the board of county commissioners merely places an order upon its journal. R.C. 709.16(A) indicates what appeal mechanism, if any, can be used to challenge a board's

decision to grant a municipal annexation. Specifically, it provides that "proceedings shall be had in all respects, *so far as applicable*, as are required by sections 709.02 to 709.12 of the Revised Code." (Emphasis added.) The first question to be answered is whether an R.C. 709.07 injunction action is *applicable* to R.C. 709.16(B) municipal annexation proceedings.

In an R.C. 709.16(B) proceeding, the annexation is complete "upon the entry, pursuant to the board's resolution, of an order upon the journal of the board authorizing such annexation." In other annexations where the city is not a petitioner (R.C. 709.02 *et seq.*), the board of county commissioners, after a decision allowing an annexation, must deliver all of the paperwork to the auditor or clerk of the municipal corporation to which annexation is proposed (see R.C. 709.033), who in turn must hold the papers for sixty days before presenting them to city council to either approve or disapprove of the annexation (see R.C. 709.04). The annexation is not complete until the city has acted.

R.C. 709.07 neatly fits the requirements for city approval of annexations by petitions brought pursuant to R.C. 709.02, but not for annexation contemplated under R.C. 709.16(B). Specifically, R.C. 709.07 provides that an interested person has sixty days from the filing of the papers with the auditor or clerk of the municipal corporation in which it may petition for injunctive relief. If the petitioner prevails, the court "shall make an order enjoining the auditor or clerk of the annexing municipal corporation from presenting the annexation application and related papers to the legislative authority." R.C. 709.07(E).

Since R.C. 709.16(B) requires no action by a municipal auditor or clerk which could be enjoined, R.C. 709.07 is inapplicable to this type of municipal annexation proceeding. R.C. 709.07 provides *no remedy* to either township trustees or any other party who would challenge a board of county commissioners' decision to grant such an annexation. This is not a case where R.C. 709.07 and R.C. Chapter 2506 conflict with one another's express provisions. Instead, R.C. 709.07 is simply not applicable in R.C. 709.16(B) proceedings. Consequently, the only possible avenue left for appeal from R.C. 709.16(B) annexation proceedings would be an appeal provided for in R.C. Chapter 2506.

Turning to the possible applicability of R.C. Chapter 2506, the general review process from administrative bodies, we must conclude that such an R.C. Chapter 2506 review is not available to township trustees here.

In *In re Petition to Annex 320 Acres to the Village of South Lebanon* (1992), 64 Ohio St.3d 585, 597 N.E.2d 463, this court, in following *In re Annexation of 311.8434 Acres*, held that R.C. 709.07 provides the exclusive remedy for persons who challenge a board of county commissioners' approval of a landowners' annexation petition. However, the township trustees argue

here, just as we have concluded, that R.C. 709.07 is not applicable in the instance of an annexation pursuant to R.C. 709.16(B). Consequently, the board of township trustees argues, it has been provided a specific right to appeal annexation proceedings by way of R.C. 505.62.

R.C. 505.62 provides in relevant part:

"The board of township trustees of a township that includes territory that is proposed to be annexed has standing in any appeal of the board of county commissioners' decision on the annexation of township territory that is taken pursuant to section 709.07 or Chapter 2506. of the Revised Code, if the board of township trustees was represented at the annexation hearing before the board of county commissioners."

Upon thorough analysis, this section may not present the township trustees an appellate review, by way of R.C. Chapter 2506, of annexation that has proceeded pursuant to R.C. 709.16(B). By its own terms, R.C. 505.62 provides township trustees standing to appeal pursuant to R.C. Chapter 2506 *if the board of township trustees was represented at the annexation hearing before the board of county commissioners.* There is no hearing provided for in R.C. 709.16(B) before the board of commissioners, but merely a ministerial determination of whether the property to be annexed is wholly owned by the municipality, is contiguous, and is located entirely within the county. It is true that the township trustees' legal counsel was present at the September 4, 1990 meeting of the board of commissioners. However, counsel had not been given any official notice of such meeting, and was told that such meeting did not constitute a hearing, as the board was interpreting the statute.

We therefore conclude that R.C. Chapter 2506 is not available to the township trustees for purposes of appeal.

Therefore, for the foregoing reasons, the judgment of the court of appeals is reversed and the Montgomery County Board of Commissioners' decision [1] is reinstated.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

WRIGHT, J., concurring. Reluctantly, I am compelled to concur with the majority, in that the pertinent statute allows no other recourse. This court, in *In re Annexation of 311.8434 Acres of Land* (1992), 64 Ohio St.3d 581, 597

---

1. We note that the township trustees received a stay prior to the journalization of the board's decision. The board may now proceed by journal entry to approve the annexation.

N.E.2d 460, disallowed the challenge by township trustees of a board of county commissioners' *allowance* of a landowners' petition for annexation through an appeal pursuant to R.C. Chapter 2506, setting forth the following syllabus law:

"Township trustees may appeal a board of county commissioners' denial of a landowners' petition for annexation through an R.C. Chapter 2506 appeal. However, township trustees may challenge a board of county commissioners' allowance of a landowners' petition for annexation only through an R.C. 709.07 injunction action."

In *In re Annexation of 311.8434 Acres of Land*, the petitioners were individual landowners desiring annexation to the city, not a municipal corporation which sought to annex property owned by and adjoining the municipality. The latter annexation process is specifically set forth in R.C. 709.16(B), which provides for a very limited proceeding before the county commissioners. Such proceeding, following the wording of the statute, is ministerial in nature, not quasi-judicial in nature, and would require no hearing. The board of county commissioners need only determine that: (1) the subject property is owned by the municipality, (2) the property is contiguous to the municipality, and (3) such territory is located entirely within the same county as the municipality. As to the element of the contiguousness of the subject property, it is my view that this court's holding in *Middletown v. McGee* (1988), 39 Ohio St.3d 284, 530 N.E.2d 902, should have been applied here in the determination of annexation by the board of county commissioners. The law in *McGee* was that in a given instance the extent of contiguity of the parcel to be annexed to the municipality may be questioned. The test set forth was whether the annexation of such territory, which in essence was a strip of land, would serve the interest of creating a sense of community. However, there is nothing in the record of this case to show that there was *any* consideration given to the issue of contiguity by the board of county commissioners. This, of course, is the issue that the township trustees wish to appeal, and it is my view that they should certainly have such right. However, I am hard pressed to find an appellate avenue.

R.C. 709.07 is not available as a remedy to the township trustees as it would have been in *In re Annexation of 311.8434 Acres of Land*, in that the procedure outlined in such section providing for obtaining injunctive relief is not applicable by its own terms to the annexation of municipally owned property pursuant to R.C. 709.16(B). R.C. 709.07 is applicable to annexation of privately owned property. This Revised Code section provides that interested persons complaining about the proposed annexation have sixty days from the filing of the papers approving the annexation with the auditor or the

clerk of the municipal corporation, in which to make application for injunctive relief. Annexation proceedings under R.C. 709.16(B) provide for no such filings within the offices of the municipal auditor or clerk. Although the General Assembly seemingly intended R.C. 709.07 to apply to R.C. 709.16(B), it obviously cannot.

Turning to the possible applicability of R.C. Chapter 2506, I must conclude again that such an R.C. Chapter 2506 review is not available to township trustees here.

As noted by the majority here, by its own terms R.C. 505.62 provides township trustees standing to appeal pursuant to R.C. Chapter 2506 *if the board of township trustees was represented at the annexation hearing before the board of county commissioners.* There was no hearing provided for in R.C. 709.16(B) before the board of commissioners, but merely a ministerial determination of the facts of ownership, contiguousness, and location of the property to be annexed. It is true that the township trustees' legal counsel was present at such meeting of the board of commissioners. However, counsel had not been given any official notice of such meeting, and was told that such meeting did not constitute a hearing, as the commissioners interpreted the statute.

I therefore conclude, albeit reluctantly, that R.C. Chapter 2506 is not available to the township trustees for purposes of appeal.

This all presents a most unfortunate dilemma for township trustees in circumstances of annexation proceedings pursuant to R.C. 709.16(B). It would appear that no appeal at all is provided by this subdivision of the statute. Within the confines and manner that the above pertinent sections of law are framed, there simply is no recourse that may be provided by this court.

As stated, it is my view that the General Assembly did not intend this result, especially after its amendment of R.C. 505.62, subsequent to this court's opinion in *In re Appeal of Bass Lake Community* (1983), 5 Ohio St.3d 141, 5 OBR 273, 449 N.E.2d 771, giving the board of township trustees a right of hearing in other types of annexation proceedings. Also, this court, in its pronouncement in *McGee, supra,* intended that there be an opportunity for a hearing on the issue of contiguity of the property to be annexed. Even *amicus* Ohio Municipal League recognizes that some type of hearing should be required for purposes of satisfying the determination of contiguousness set forth in *McGee* when, in its brief, it stated: "Any contiguity is sufficient for purposes of annexation, except in the rare circumstances where the annexation will not serve the interest of creation of a sense of community." This latter determination would necessitate the allowance of evidence in support of,

and contra, this issue concerning "sense of community." This would be the hearing where a record could be made for purposes of an appeal.

The law as it currently exists provides no opportunity of appeal for the township trustees. This should be legislatively remedied by the General Assembly.

HOLMES and H. BROWN, JJ., concur in the foregoing concurring opinion.