On May 21, 1998, appellees, Jeannette Ford and Michael Haley, filed a petition with the Trumbull County Board of Commissioners to annex their 2.33 acres of land from Howland Township to the City of Warren, Ohio. Mr. Haley owned the land at 1162 Niles Cortland Road (a.k.a. State Route 46) and Ms. Ford owned the land at 1140 Niles Cortland Rd. Appellees requested the annexation because: they felt that the character of the neighborhood had changed from residential to commercial; their street was now a busy four-lane highway and the neighborhood now contained a Home Depot, a Super Kmart, and a Lowe's Store; and, Howland's refusal to rezone the properties to commercial left them unable to sell their houses, which had been on the market for many years.
On July 30, 1998, the Board of Commissioners held a hearing on appellees' petition. On September 16, 1998, the Board of Commissioners adopted a resolution approving the petition. On September 28, 1998, appellant, the Howland Township Board of Trustees ("Howland"), filed an administrative appeal in the Trumbull County Court of Common Pleas and a motion to stay the annexation, which were served on the agent for appellees, the clerk of Warren City Council, and the clerk of the board of commissioners. Warren annexed the property on January 8, 1999. After Warren annexed the property, appellant moved the court for anunc pro tunc order to stay the annexation.
On January 21, 1999, the trial court dismissed the administrative appeal, overruled appellant's original motion to stay as moot, and overruled appellant's motion for a nunc pro tunc
order to stay the annexation. With regard to appellant's original motion to stay, the trial court acknowledged that a stay would have been necessary to halt the annexation and it would have been willing to grant a temporary stay, but did not because appellant had not prepared a stay order and it was not the court's policy to prepare stay orders.[1] The court determined that the proper method for a township to contest an annexation would have been an injunction action under R.C. 709.07, not an administrative appeal. It further determined that it could not sustain appellant's motion for a nunc pro tunc order staying the annexation because it could not stay an annexation that had already occurred and the city of Warren was not a party to the action. The trial court concluded that no stay had been filed, the property had been annexed to Warren and the appeal had not been properly commenced; hence, the administrative appeal was moot.
Appellant raises the following assignments of error for our review:
 "[1.] The trial court erred in applying R.C. 709.07 because R.C. 709.07 is unconstitutional.
 "[2.] The trial court erred in holding that R.C. 709.07 is a township's exclusive remedy to challenge a decision of the Board of County Commissioners granting a petition for annexation.
 "[3.] The trial court erred in failing to grant a stay pending appeal."
We must first address whether this appeal is moot. Appellee asserts that any present attempt to stay the annexation is moot because: appellant failed to apply for an injunction within sixty days of passage of the resolution by the county commissioners; and, thirty days have passed since the City of Warren enacted ordinances accepting the annexation. Appellant asserts that the appeal is not moot because, if R.C. 709.07 is unconstitutional, then the annexation was void ab initio. Once annexation proceedings have been completed, the issue as to whether to enjoin an annexation is moot. Garverick v. Hoffman (1970), 23 Ohio St.2d 74, 79-80,262 N.E.2d 695; State ex rel. Bd. of Trustees of Springfield Twp. v.Davis (1982), 2 Ohio St.3d 108, 443 N.E.2d 166. However, this appeal does not solely seek to enjoin the annexation, it also seeks to have the statutory process by which the annexation was completed decreed unconstitutional. Therefore, the appeal is not moot.
We will address appellant's second assignment of error first. In its second assignment of error, appellant asserts that R.C. 2506.01 was meant to provide an additional remedy to R.C.709.07 to challenge the approval of an annexation petition. In support of this assertion, appellant argues that: the clear and unambiguous language employed by the legislature in R.C. 2506.01
provides for the right to an administrative appeal of any order of a county board of commissioners; in R.C. 505.62, the legislature expressly conferred upon townships the right to appeal from any annexation decision through either injunction or administrative appeal; and, the Supreme Court of Ohio recently, in Smith v.Granville Twp. Bd. of Trustees (1998), 81 Ohio St.3d 608,693 N.E.2d 219, recognized the right to appeal the affirmance of an annexation through an administrative appeal.
R.C. 2506.01 provides that every final order of any commission of any political subdivision of the state may be reviewed by the court of common pleas and that this appeal is in addition to any other remedy provided by law.
R.C. 505.62 provides that:
"* * *
 "The board of township trustees of a township that includes territory that is proposed to be annexed has standing in any appeal of the board of county commissioners' decision on the annexation of township territory that is taken pursuant to section 709.07 or Chapter 2506. of the Revised Code, if the board of township trustees was represented at the annexation hearing before the board of county commissioners."
The question of whether R.C. 709.07 or R.C. 2506.01
should apply to challenges to a board of commissioners' allowance of an annexation has been thoroughly litigated in Ohio. When presented with this issue, the Supreme Court of Ohio held that: "R.C. 709.07 provides the exclusive remedy for persons who challenge a board of county commissioners' approval of a landowners' annexation petition."In re Petition to Annex 320 Acres to the Village of S. Lebanon
(1992), 64 Ohio St.3d 585, 597 N.E.2d 463, paragraph one of the syllabus. In In re Petition to Annex 320 Acres, the Court conducted exhaustive statutory analysis and concluded that, because R.C. 2506 was a general statute and R.C. 709.07
was a specific statute that was subsequently enacted, R.C. 709.07 was the exclusive remedy. On the same day as the In re Petition to Annex 320 Acres decision, the court held that: "Township trustees may appeal a board of county commissioners' denial of a landowners' petition for annexation through an R.C. Chapter 2506 appeal. However, township trustees may challenge a board of county commissioners' allowance of a landowners' petition for annexation only through an R.C. 709.07 injunction action." In reAnnexation of 311.8434 Acres of Land (1992), 64 Ohio St.3d 581,597 N.E.2d 460, syllabus. It further concluded that R.C. 505.62, as amended, was a response to its prior determination that township trustees lacked standing in an appeal from the denial of a petition for annexation and did not change the procedure for challenging the allowance of a landowners' petition for annexation. Id. at 584-585.
As appellant correctly observed, these procedures severely limit a township's ability to challenge an annexation. However, according to the Supreme Court "*** it is the policy of the state of Ohio to encourage annexation by municipalities of adjacent territory." Middletown v. McGee (1988), 39 Ohio St.3d 284,285, 530 N.E.2d 902, 903. This policy would be thwarted to a great extent if township trustees were provided the broad appeal rights contained in R.C. Chapter 2506. Id.
Finally, appellant asserts that, in Smith, the Supreme Court acknowledged a township's right to administratively appeal the approval of an annexation petition. Appellant specifically refers to a quote in the dicta of that decision, which says: "the order affirming or denying a petition to annex a property may be appealed pursuant to R.C. 2506.01." The proper procedure to be used in annexation cases was not at issue in Smith and the sentence cited by appellant had no bearing on the outcome of the case. Had the Supreme Court intended to overrule its previous holdings, which were set forth in syllabi, it would have specifically done so in the syllabus, not with this single sentence. Appellant could only challenge the annexation through an application for injunctive relief; its second assignment of error has no merit.
In its first assignment of error, appellant asserts that R.C. 709.07 deprives it of its constitutional rights to procedural due process, substantive due process, and equal protection, in violation of the Fourteenth Amendment to the United States Constitution. The township argues that it was denied due process because it was denied its fundamental right of meaningful access to the courts and its right to file an administrative appeal and was denied equal protection because it was treated differently under the law than appellees or other non-township petitioners for annexation, who would be allowed to file either an administrative appeal or an injunction action. Appellees counter that appellant, as a subdivision of the state, could not be denied rights by the state under the Fourteenth Amendment. Appellees are correct in their argument that "a political subdivision may not invoke the protection provided by the Constitution against its own state and is prevented from attacking the constitutionality of state legislation on the grounds that its own rights had been impaired."Avon Lake City School Dist. v. Limbach (1988), 35 Ohio St.3d 118,121-122, 518 N.E.2d 1190. While there may be occasions where a political subdivision may challenge the constitutionality of state legislation, it is not entitled to rely upon the protections of the Fourteenth Amendment. Id. A political subdivision receives no protection from the Equal Protection or Due Process Clauses against its creating state. Id.
Appellant alternatively argues that even if R.C. 709.07
is constitutional on its face, it has been unconstitutionally applied by courts. In essence, appellant asks this court to hold that the Supreme Court of Ohio has applied R.C. 709.07
unconstitutionally. Being bound by the doctrine of stare decisis
to follow the holdings of the Supreme Court, we are without authority to rule that it has unconstitutionally applied a statute. See City of Rocky River v. State Emp. Relations Bd.
(1989), 43 Ohio St.3d 1, 4-5, 539 N.E.2d 103.
Appellant's first assignment of error is without merit.[2]
In its third assignment of error, appellant asserts that the trial court erred by not issuing a stay while the administrative appeal was pending. It argues that the trial court should have granted his motion for a stay to preserve his right to appeal. In compliance with our rulings on the other two assignments, appellant's appeal would have been unsuccessful even if the trial court had issued an order staying the annexation. Appellant was, therefore, not prejudiced by the failure to issue a stay.
Its third assignment of error is without merit.
The judgment of the trial court is affirmed.
CHRISTLEY, P.J., concurs in judgment only with concurring opinion, O'NEILL, J, concurs.
[1] Appellant also asserted that the trial court had orally sustained its motion to stay; however, no transcript was presented to the court to support that assertion.
[2] Appellant also failed to raise this constitutional claim before the trial court, as is required to preserve the right to argue it on appeal. However, since appellant had no constitutional claim to assert, it had no constitutional claim to waive. Avon Lake, supra at fn. 4.