[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 566.]

THE STATE EX REL. CITY OF PAINESVILLE, APPELLEE, *v.* LAKE COUNTY BOARD OF COMMISSIONERS, APPELLANT.

[Cite as *State ex rel. Painesville v. Lake Cty. Bd. of Commrs.*, 2001-Ohio-1609.]

*Municipal corporations—Real property—Annexation—Mandamus sought to compel Lake County Board of Commissioners to approve city of Painesville's revised petition for annexation of real property located in Painesville Township—Court of appeals' grant of writ reversed.*

(No. 01-400—Submitted September 18, 2001—Decided November 14, 2001.)

APPEAL from the Court of Appeals for Lake County, No. 99-L-057.

_____

*Per Curiam.*

{¶ 1} In 1998, Mark Moore owned approximately seventeen acres of land in Painesville Township, Lake County, Ohio ("township"). Moore filed a petition under R.C. 709.02 with appellant, Lake County Board of Commissioners ("board") for the annexation of his property from Painesville Township to appellee, the city of Painesville ("city"). Moore sought the annexation to use the city's sewer system for a planned residential development. The board denied Moore's petition, and on October 13, 1998, the Lake County Court of Common Pleas affirmed the board's decision on appeal.

{¶ 2} Shortly thereafter, on October 26, 1998, the city passed a resolution authorizing its city manager to enter into a contract to purchase Moore's property for $10 "and other valuable considerations." The city then entered into an "interim development agreement" with Moore conveying title to the property to the city by limited warranty deed. One of the purposes specified in the agreement was cooperation between Moore and the city to "assist in successfully achieving

annexation of the Property and to achieve the economic benefits associated with annexation to the City."

{¶ 3} On December 4, 1998, the city submitted a petition to the board under R.C. 709.16(B) for annexation of the property it claimed to have acquired from Moore. Pursuant to R.C. 709.031, the board referred the petition to Lake County Engineer Thomas P. Gilles for his review. In his review, Gilles checked tax records, auditor's records, and the deed for the property. Gilles found an error in the acreage stated in the petition, which described a 22.498-acre parcel rather than an approximately seventeen-acre parcel. Gilles found other minor errors, but also determined that "[a] review of the Tax Records indicates that the petitioner, The City of Painesville, is the sole owner of the property and the property is contiguous to The City of Painesville."

{¶ 4} On January 22, 1999, the city sent the board a revised petition for annexation of the property that specified 17.027 acres as the subject property and addressed the engineer's concerns. As with its first petition, the city represented that the property to be annexed is contiguous to the city, owned by the city, and located entirely within the same county as the city. By letter dated February 1, 1999, Gilles informed the board that the revised petition was accurate and reiterated his previous conclusion that based on tax records, the city is the sole owner of the property.

{¶ 5} At the request of the board, its attorney, Richard Collins, Jr., prepared a legal memorandum dated January 18, 1999, which addressed the issue of whether the city owned the property sought to be annexed. In preparing the memorandum, Collins obtained a copy of the interim development agreement between Moore and the city regarding the property.

{¶ 6} Although Collins did not, in his memorandum, direct the board to vote any specific way, he noted that under the interim development agreement (1) Moore remained liable for the existing mortgage of $250,000, (2) Moore and the city were

2

equally responsible for the payment of real estate taxes, assessments, and liability insurance affecting the land, (3) Moore remained solely responsible for maintaining the land, and (4) Moore retained the right, upon reasonable notice, to enter the land. In addition, Collins observed that the agreement granted Moore the right to have the property transferred back to him if annexation was ultimately either approved or denied. Neither Collins's memorandum nor the interim development agreement is contained in the board's file concerning the city's annexation petitions for the subject property.

{¶ 7} Collins eventually advised the board through discussions with the individual commissioners that based on his legal research, the city is not the legal owner of the subject property.

{¶ 8} At its March 9, 1999 public meeting, the board adopted a resolution denying the city's requested annexation. The board reasoned that "the City of Painesville is not an 'owner' of the property as defined by law." The board based its decision at least in part on Collins's legal advice.

{¶ 9} In April 1999, the city filed a complaint in the Court of Appeals for Lake County for a writ of mandamus to compel the board to approve the city's revised petition for annexation. The court of appeals referred the matter to a magistrate, as provided in Loc.App.R. 18, and the magistrate held an evidentiary hearing.

{¶ 10} On January 8, 2001, the magistrate concluded that since the board had merely acted in a ministerial rather than a quasi-judicial fashion in ruling upon a municipality's annexation petition under R.C. 709.16(B), the board lacked authority to consider the information provided by its counsel concerning the interim development agreement between Moore and the city. The magistrate further concluded that had the board considered only the city's amended annexation petition and the engineer's response, it would have had to conclude that the city owned the subject property. The magistrate recommended that the court of appeals

grant the requested writ of mandamus because the city had satisfied all of the requirements for annexation under R.C. 709.16(B). In his decision, the magistrate noted that under Civ.R. 53, the parties could file their objections within fourteen days of his decision.

{¶ 11} On the same day that the magistrate filed his decision, the court of appeals entered judgment adopting the decision and granting the city a writ of mandamus to compel the board to grant the city's annexation petition. On January 18, 2001, the board filed written objections to the magistrate's decision. On February 27, 2001, the board filed a notice of appeal to this court from the court of appeals' January 8 judgment. We subsequently granted the board's motion to remand the cause to the court of appeals for judgment on the board's objections to the magistrate's decision. *State ex rel. Painesville v. Lake Cty. Bd. of Commrs.* (2001), 91 Ohio St.3d 1511, 746 N.E.2d 613. In May 2001, the court of appeals denied the board's objections.

{¶ 12} This cause is now before the court for its consideration of the board's appeal of right as well as its request for oral argument.

{¶ 13} The board requests oral argument "pursuant to S.Ct.[Prac.]R. IX." We deny the board's request because S.Ct.Prac.R. IX does not require oral argument in this appeal, the board has neither established nor asserted any of the usual factors that warrant oral argument, and the board does not specify why oral argument would be beneficial here. *State ex rel. Woods v. Oak Hill Community Med. Ctr., Inc.* (2001), 91 Ohio St.3d 459, 460, 746 N.E.2d 1108, 1111. The parties' briefs are sufficient to resolve this appeal. *Id.* at 460-461, 746 N.E.2d at 1111, citing *State ex rel. Lucas Cty. Bd. of Commrs. v. Ohio Environmental Protection Agency* (2000), 88 Ohio St.3d 166, 169, 724 N.E.2d 411, 415.

Mandamus

{¶ 14} The board asserts that the court of appeals erred in granting the writ of mandamus compelling it to approve the city's revised petition for annexation.

4

The court of appeals determined that under R.C. 709.16(B) and *In re Annexation of 466.112 Acres of Land* (1992), 65 Ohio St.3d 226, 602 N.E.2d 1136, the board had a purely ministerial duty to approve the amended annexation petition and therefore it could not consider anything besides the amended petition and the county engineer's response to the board's inquiry to determine whether the city was the owner of the subject property.

{¶ 15} R.C. 709.16, which governs petitions for annexation of contiguous property owned by a municipal corporation, provides:

"(A) When a petition for the annexation of contiguous territory by a municipal corporation is presented to the board of county commissioners, proceedings shall be had in all respects, as far as applicable, as are required by sections 709.02 to 709.12 of the Revised Code.

"(B) *If the only territory to be annexed is contiguous territory owned by the municipal corporation seeking annexation and if such territory is located entirely within the same county as the municipal corporation seeking annexation*, upon receipt of the petition required by section 709.15 of the Revised Code, *the board of county commissioners shall, by resolution, approve the annexation* and make such adjustments of funds, unpaid taxes, claims, indebtedness, and other fiscal matters as the board determines to be proper. *The annexation shall be complete upon the entry, pursuant to the board's resolution, of an order upon the journal of the board authorizing such annexation*." (Emphasis added.)

{¶ 16} In analyzing R.C. 709.16, our paramount concern is the legislative intent in its enactment. *Rice v. CertainTeed Corp.* (1999), 84 Ohio St.3d 417, 419, 704 N.E.2d 1217, 1218. We must first review the statutory language, and words and phrases used shall be read in context and construed according to the rules of grammar and common usage. *State ex rel. Antonucci v. Youngstown City School Dist. Bd. of Edn.* (2000), 87 Ohio St.3d 564, 565, 722 N.E.2d 69, 71.

**{¶ 17}** R.C. 709.16(B) mandates that the board approve a petition for municipal annexation but only if the property to be annexed is contiguous, is owned by the municipality, and is located entirely within the same county as the municipality. Therefore, the purely ministerial, mandatory act of approving a municipal annexation pursuant to R.C. 709.16(B) is invoked only if the board determines whether these requirements have been satisfied. In making this determination, the board will necessarily exercise some discretion. See *In re Annexation of 466.112 Acres of Land*, 65 Ohio St.3d at 229, 602 N.E.2d at 1138, where we stated: "Thus, the procedure set out in R.C. 709.16(B) is abbreviated. *If all the requirements are met* (*i.e.*, the property is contiguous, is wholly owned by the municipality, and is located entirely within the county), *then the board of county commissioners merely places an order upon its journal*." (Emphasis added.)

**{¶ 18}** Nor does R.C. 709.16(B) prohibit the board from seeking the advice of its legal counsel or prevent its counsel from reviewing other public records like the interim development agreement to determine whether the prerequisites for municipal annexation have been met. In other words, nothing in the plain language of R.C. 709.16(B) precludes consideration of legal memoranda or advice of the board's attorney in this determination.

**{¶ 19}** In fact, relegating the board to the bare allegations of the municipality seeking the annexation and a county engineer's report might condone sham transactions in which, as the board claims here, the municipality is not the owner of the property sought to be annexed. We need not accord R.C. 709.16(B) this construction. See *State ex rel. Besser v. Ohio State Univ.* (2000), 87 Ohio St.3d 535, 540, 721 N.E.2d 1044, 1049, quoting *State ex rel. Cincinnati Post v. Cincinnati* (1996), 76 Ohio St.3d 540, 543-544, 668 N.E.2d 903, 906 (" 'We must also construe statutes to avoid unreasonable or absurd results' "); R.C. 1.47(C).

**{¶ 20}** The General Assembly recognizes that the board need not accept an engineer's report as conclusive in annexation matters. Under R.C. 709.031(C), the

board of county commissioners may refer a description and map or plat of property sought to be annexed to the county engineer for a report on their accuracy, but the engineer's report "shall not be conclusive upon the board." And it is uncontroverted that the engineer here consulted public records outside the board's annexation file, *e.g.*, tax maps and transfer records, much like the board's attorney reviewed the interim development agreement between the city and Moore.

**{¶ 21}** The court of appeals and the city also relied on our decision in *In re Annexation of 466.112 Acres of Land, supra*, to support the court of appeals' holding that the board was limited to considering the city's revised annexation petition and the engineer's report to determine whether to approve the annexation under R.C. 709.16(B).

**{¶ 22}** In *In re Annexation of 466.112 Acres of Land*, the city of Centerville filed a petition under R.C. 709.16(B) with the Montgomery County Board of Commissioners to approve the annexation of approximately four hundred sixty-nine acres of city-owned property from Washington Township to the city. The board announced that it would approve the annexation but before that decision could be journalized, the township trustees filed an administrative appeal to the common pleas court pursuant to R.C. Chapter 2506 and moved to stay the board's proceedings. The common pleas court vacated the board's approval of the annexation because it determined that the property was not sufficiently contiguous to the city, and, on appeal, the court of appeals affirmed the common pleas court's judgment. *Id.*, 65 Ohio St.3d at 227-228, 602 N.E.2d at 1137.

**{¶ 23}** Upon allowance of a motion to certify the record, we reversed the judgment of the court of appeals and reinstated the decision of the board of commissioners. *Id.*, 65 Ohio St.3d at 231, 602 N.E.2d at 1139. In so holding, we found that the township trustees could not seek an injunction under R.C. 709.07 in an R.C. 709.16(B) municipal annexation because R.C. 709.16(B) required no action by a municipal auditor or clerk that could be enjoined. Moreover, the township

trustees had no standing to appeal the board's decision because R.C. 709.16(B) required no hearing at which the trustees would be represented. *Id.*, 65 Ohio St.3d at 230-231, 602 N.E.2d at 1138-1139.

{¶ 24} Although we noted at one portion of the opinion that "[t]here is no hearing provided for in R.C. 709.16(B) before the board of commissioners, but merely a ministerial determination of whether the property to be annexed is wholly owned by the municipality, is contiguous, and is located entirely within the county," this was in the context of holding that there is no right to appeal under R.C. Chapter 2506 from the decision of a board of commissioners on a municipal annexation petition pursuant to R.C. 709.16(B). *Id.*, 65 Ohio St.3d at 231, 602 N.E.2d at 1139. R.C. 2506.01 provides for appeals only from quasi-judicial proceedings, which require notice, hearing, and the opportunity for introduction of evidence. See *State ex rel. Dublin v. Delaware Cty. Bd. of Commrs.* (1991), 62 Ohio St.3d 55, 60-61, 577 N.E.2d 1088, 1093. Because no notice and evidentiary hearing are required by R.C. 709.16(B), no appeal by way of R.C. 2506.01 is available to aggrieved parties in an annexation proceeding.

{¶ 25} This holding, however, does not automatically mean that the board is divested of all discretion in determining whether the R.C. 709.16(B) requirements (*e.g.*, ownership of the property by the municipality) have been met, or more pertinently, that the board is restricted to the annexation petition and county engineer's report in making this determination. We did not so hold in *In re Annexation of 466.112 Acres of Land*. In fact, in that case, we reinstated the board's decision on the municipal annexation petition, acknowledging that the board had expressly "discussed the city's petition with its counsel and planning commissioner" and considered their conclusions. *Id.*, 65 Ohio St.3d at 227, 602 N.E.2d at 1136. Similarly, the board here considered and relied on its attorney's legal opinion.

8

**{¶ 26}** Therefore, because neither R.C. 709.16(B) nor precedent prevented the board from considering and relying on its counsel's legal memoranda and advice in determining whether the city's annexation petition had met the statutory requirements for annexation, the court of appeals erred in so holding.

**{¶ 27}** Moreover, we find that the board did not abuse its broad discretion in denying the city's annexation petition. The board reasonably relied on its counsel's advice in determining that the city did not own the property sought to be annexed. In fact, the city offers no argument to the contrary on this issue on appeal.

**{¶ 28}** Based on the foregoing, we reverse the judgment of the court of appeals and deny the writ.

*Judgment reversed.*

MOYER, C.J., F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and RESNICK, JJ., concur in judgment.

_____

*Joseph M. Gurley*, Painesville Law Director; *Taft, Stettinius & Hollister LLP*, *Stephen M. O'Bryan, Peter M. Poulos* and *Michelle R. Arendt*, for appellee.

*Charles E. Coulson*, Lake County Prosecuting Attorney, and *Michael P. Brown*, Assistant Prosecuting Attorney, for appellant.

_____