OPINION
{¶ 1} Appellant, Champion Mall Corporation, appeals the judgment of the Trumbull County Court of Common Pleas, dismissing his administrative appeal and entering judgment in favor of appellees, the Board of Trustees, Champion Township, *Page 2 
Ohio, Tim Down, Tom Tracey, and Jeff Hovanic. For the following reasons, we affirm the decision of the court below.
 {¶ 2} Champion Mall Corporation is the recorded owner of 4419 Mahoning Avenue Northwest, in Champion Township. This property was the subject of investigation by the Trumbull County Health Department, the Trumbull County Building Department, and the Champion Township Board of Trustees.
 {¶ 3} According to documents filed in the trial court, in 2006, the Building Department determined that a structure on the property, the "Champion Flea Market," was "an unsafe structure" and a "serious hazard." Also in 2006, the Health Department determined the structure to be "unfit for human habitation."
 {¶ 4} On January 4, 2007, the Champion Township Zoning Inspector sent a letter to the Champion Mall Corporation referencing an earlier letter and advising the corporation regarding the findings of the Building Department and Board of Health. Further, this letter stated: "To avoid legal action, please provide this office with your immediate plans to bring the property and structures into compliance."
 {¶ 5} On April 2, 2007, the Champion Township Board of Trustees sent the following "Legal Notice" to Champion Mall Corporation by certified mail: "Pursuant to the provisions of the Ohio Revised Code Section 505.86, the Champion Township Board of Trustees hereby notifies you that * * * [the structure located at 4419 Mahoning Avenue Northwest] * * * has been declared to be a public nuisance * * * a safety hazard * * * [and] an unsafe structure. * * * According to law, the Trustees have taken action on this matter by Resolution and you are hereby notified that the conditions * * * must be resolved by demolishing the structure * * * or by repairing the structural] defects * * * *Page 3 within thirty (30) days from the receipt or publication of thisnotice, or the Township will enter upon your property and take the necessary action to remedy the condition."
 {¶ 6} On April 4, 2007, the above notice was published in The Warren Tribune Chronicle.
 {¶ 7} On November 5, 2007, at a regular session of the Township Trustees, a motion was passed accepting the bid of D C Rappach Inc., in the amount of $40,000, for the demolition of the structure on Champion Mall Corporation's property. A motion was also made and passed "to proceed with the removal of the structure" and that "[o]ccupants will be notified to vacate the property by December 10, 2007."
 {¶ 8} On December 5, 2007, Champion Mall Corporation filed a Notice of Appeal with the Trumbull County Court of Common Pleas, alleging that the order for the removal of the structure located on its property was "contrary to law and fact."
 {¶ 9} On January 30, 2008, the Township Trustees filed a Motion to Dismiss, pursuant to Civ. R. 12(B), on the grounds that the trial court lacked jurisdiction to hear the appeal. The Trustees asserted that Champion Mall Corporation is not statutorily permitted to appeal a decision of the Board of Township Trustees pursuant to R.C. 505.86, and, alternatively, if such appeal is permissible that the Corporation's Complaint was not timely filed.
 {¶ 10} On April 25, 2008, the trial court granted the Township Trustee's Motion to Dismiss, stating that it was "without jurisdiction to hear the appeal of the Plaintiff from the Defendants' declaration of public nuisance pursuant to R.C. 505.86 Ohio Revised Code, as such appeal is not provided for in Section 505.86 RC or other provision of Ohio Law; and if provided for, said appeal was not timely filed; and the Defendants *Page 4 
strictly complied with the substantive and procedural requirements of Section 505.86 ORC, entitling Defendants to the relief provided in said statute."
 {¶ 11} Champion Mall Corporation timely appeals and raises the following assignments of error:
 {¶ 12} "[1.] The trial court erred in not permitting an appeal of the action of the Township Trustees dated November 5, 2007 and appeal dated December 5, 2007 [sic]."
 {¶ 13} "[2.] The action of the Board of Trustees deprived plaintiff-appellant of rights and privileges secured by the constitution and laws of the United States."
 {¶ 14} "[3.] Property owners such as plaintiff-appellant must be granted judicial review of the order of awarding a contract, which affects its property rights."
 {¶ 15} "[4.] A motion to dismiss must comply with the same requirements as a motion [for] summary judgment."
 {¶ 16} Champion Mall Corporation's assignments of error will be considered in a consolidated fashion.
 {¶ 17} Judicial review of decisions by a township board of trustees is authorized by R.C. 2506.01(A): "every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code."
 {¶ 18} When an appeal is taken pursuant to R.C. 2506.01, "the court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may *Page 5 
affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court." R.C. 2506.04.
 {¶ 19} Appellate review of the trial court's decision is provided for in R.C. 2506.04: "[t]he judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code." "An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34. "While the court of common pleas has the power to weigh the evidence, an appellate court is limited to reviewing the judgment of the common pleas court strictly on questions of law." Carrolls Corp. v. Bd. of ZoningAppeals, 11th Dist. No. 2005-L-110, 2006-Ohio-3411, at ¶ 10 (citations omitted).
 {¶ 20} The trial court held that proceedings under R.C. 505.86 are not subject to judicial review under R.C. 2506.01. Champion Mall Corporation counters that it was entitled to "at least minimal due process" before the Trustees could deprive it of an interest in its property. The Champion Township Trustees sought the removal of the structure on Champion Mall Corporation's property through R.C. 505.86(B), which provides:
 {¶ 21} "A board of township trustees may provide for the removal, repair, or securance of buildings or other structures in the township that have been declared *Page 6 
insecure, unsafe, or structurally defective by any fire department under contract with the township or by the county building department or other authority responsible under Chapter 3781. of the Revised Code for the enforcement of building regulations or the performance of building inspections in the township, or buildings or other structures that have been declared unfit for human habitation by the board of health of the general health district of which the township is a part."
 {¶ 22} "At least thirty days prior to the removal, repair, or securance of any insecure, unsafe, or structurally defective building, the board of township trustees shall give notice by certified mail of its intention with respect to the removal, repair, or securance to the holders of legal or equitable liens of record upon the real property on which the building is located and to owners of record of the property. If the owner's address is unknown and cannot reasonably be obtained, it is sufficient to publish the notice once in a newspaper of general circulation in the township. The owners of record of the property or the holders of liens of record upon the property may enter into an agreement with the board to perform the removal, repair, or securance of the insecure, unsafe, or structurally defective building." R.C. 505.86(B).
 {¶ 23} "[I]n order for an administrative act to be appealable under R.C. 2506.01 such act must be the product of quasi-judicial proceedings." M.J. Kelley Co. v. Cleveland (1972), 32 Ohio St.2d 150,153.[1] "Proceedings of administrative officers and agencies are not quasi-judicial where there is no requirement for notice, hearing and the opportunity for introduction of evidence." Id. at paragraph two of the syllabus; In re *Page 7 Appeal of Howard (1991), 73 Ohio App.3d 717, 719 ("the question is whether there is a requirement for notice and hearing, not whether the administrative agency complied with such requirement").
 {¶ 24} Revised Code 505.86(B) does not constitute a quasi-judicial proceeding as contemplated by the Ohio Supreme Court, as there is no provision for hearing or the introduction of evidence. The determination that a structure is "insecure, unsafe, or structurally defective" is made by a fire department, the county building department, or other authorized county agency without any provision for hearing. The role of the Trustees is, in the exercise of its discretion, to provide for "the removal, repair, or securance" of such a structure. The Trustees are not required to receive evidence supporting the determination or otherwise review the validity of the determination that a structure is insecure, unsafe, or structurally defective. Chalker v. Howland Twp. Bd. ofTrustees (Trumbull C.P. 1995), 74 Ohio Misc.2d 5, 24.
 {¶ 25} Before taking action, the Township Trustees must provide notice of the action to be taken and to provide an opportunity for the owner to remove, repair, or secure the structure on their own or to come to an agreement with the Trustees regarding the structure. The statute does not require or provide that the Trustees must allow the property owner to contest the determination that a structure is insecure, unsafe, or structurally defective.
 {¶ 26} The Legal Notice sent by the Champion Township Trustees published in The Tribune strictly complies with the requirements of R.C. 505.86(B). The notices advise the Corporation that they have 30 days to repair, remove, or secure the structure or the Township will enter the property to remedy the situation. There is no provision for *Page 8 
a hearing to contest the initial determination by the Building Department or Health Department.
 {¶ 27} Since R.C. 505.86 does not provide for or require a hearing and the opportunity for the introduction of evidence, no appeal by way of R.C. 2506.01 is available to Champion Mall Corporation. State ex rel.Painesville v. Lake Cty. Bd. of Commrs., 93 Ohio St.3d 566, 571,2001-Ohio-1609. Thus, the trial court properly granted the motion to dismiss.
 {¶ 28} Our holding is limited to the narrow determination of whether, under R.C. 2506.01, a property owner may appeal the actions taken by Township Trustees under R.C. 505.86, and should not be construed to mean that Champion Mall Corporation was not entitled to due process, including an evidentiary hearing, under federal and/or state constitutional law. Chalker, 74 Ohio Misc.2d at 24 ("although neither R.C. 505.86 nor 505.87 provides for a hearing, due process is still required" and "[t]he right to hearing, therefore, is inferred").
 {¶ 29} The Ohio Supreme Court has held: "Anyone who destroys or injures private property in abating what legislative or administrative officials have determined to be a public nuisance does so at his peril, where there has been neither a previous judicial determination that such supposed nuisance is a public nuisance nor even an opportunity provided to the owner for an administrative hearing (with a judicial review thereof) on the question as to whether there is a public nuisance."Solly v. Toledo (1966), 7 Ohio St.2d 16, at paragraph three of the syllabus. Also Jackson v. Columbus (1974), 41 Ohio App.2d 90, at paragraph two of the syllabus ("Where a municipal corporation razes a building, claiming it to constitute a public nuisance, without first giving the owner thereof notice of such intent and a full opportunity for an administrative *Page 9 
hearing with an opportunity for judicial review, the burden is upon the municipal corporation, in an action by the owner to recover damages for the razing of the building, to prove that it was justified in destroying the building; that is, the building constituted a public nuisance, and the razing thereof was reasonably necessary to abate such nuisance.").
 {¶ 30} Champion Mall Corporation's assignments of error are without merit.
 {¶ 31} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, dismissing the Corporation's R.C. 2506.01
administrative appeal and entering judgment in favor of the Champion Township Trustees and its individual members, is affirmed. Costs to be taxed against appellant.
TIMOTHY P. CANNON, J., concurs,
COLLEEN MARY OTOOLE, J., dissents with Dissenting Opinion.
[1] The requirement that only "quasi-judicial" administrative actions are appealable under R.C. 2506.01 is based on Section 4(B), Article IV
of the Ohio Constitution, providing for the original jurisdiction of courts of common pleas to review the proceedings of administrative officers and agencies, and on the Supreme Court's prior interpretation of this provision in Fortner v. Thomas (1970), 22 Ohio St.2d 13.M.J. Kelley Co., 32 Ohio St.2d 150, at paragraph one of the syllabus and at 152-153.