**VLAD et, Plaintiffs-Appellees, v. CLEVELAND (City), Board of Zoning, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24993.  Decided February 24, 1960.

Henry DuLaurence for plaintiffs-appellees.

Ralph S. Locher, Director of Law, Irving Silbert, Asst., for defendant-appellant.

## OPINION

By SKEEL, J.

This appeal comes to this court from a judgment entered on appeal to the Court of Common Pleas of Cuyahoga County from a final order of the Zoning Board of Appeals of the City of Cleveland. The appellees in this court are the owners of two vacant lots located on the east side of Rocky River Drive in Cleveland, which prior to 1943 were zoned Class C-1 Business. In 1943, the comprehensive zoning ordinance of the City of Cleveland was amended changing the zoning classification of these lots and some other property in the vicinity from Class C Business (which would permit the construction of a gasoline service station) to Class B Dwelling House (two-family houses).

The amendment as first proposed in 1943 was to change the zoning of the property fronting in the immediate district on Rocky River Drive, including plaintiff's property, from a Class C-1 Business to a Class C-1 Apartment House District. After notice was published, as provided by law, and hearing had,. the proposal was submitted to the Planning Commission. After study, they suggested the amendment be changed to rezone the property for "Class B Dwellings." The amendment as changed was then presented for action to the City Council and subsequently passed so that the plaintiff's property is and has been since 1943 zoned for Class B Dwelling use.

The property owners made application for a permit to erect a gasoline service station on their property on May 16, 1958. Before the amendment to the zoning ordinance, the use requested in appellee's application would have been a permissible use. The Commissioner of Building and Housing refused the application because of the zoning restriction, which decision was affirmed upon appeal to the Board of Zoning Appeals.

This decision was appealed to the Court of Common Pleas. The property owner claimed in his appeal to the Court of Common Pleas that: ·

"1. The amendment was not legally passed and, therefore, the old zoning applied.

"2. The zoning ordinance, as amended, is unconstitutional as to the appellant's property as situated and is arbitrary and unreasonable."

The notice of appeal stated that the appeal was on law and fact but no appeal bond was filed. Also an affidavit was filed under §2506.03 R. C., seeking to introduce evidence in addition to that contained in the transcript certified by the Commission as the record and evidence upon which the application was considered by the Board. The affidavit states as the reasons for requesting additional evidence that the appellant desired:

"1. To cross-examine witnesses purporting to refute appellant's position, arguments and contentions.

"2. To offer evidence and testimony offered in opposition to appellant's position, arguments and contentions.

"3. That persons were allowed to give their evidence without the resemblance of evidence and testimony and without their names being given with their alleged views and so they could be cross-examined;

—in an unjudicial manner, and so that it would appear whether or not their views were given under oath;

"That there further appears on the face of said transcript the grounds set forth in §2506.03 R. C., which entitle appellants to have the Court hear additional evidence, which the appellants desire to introduce, and to cross-examine any person who previously gave testimony in opposition."

The court permitted the taking of additional evidence and overruled the City's motion to dismiss the appeal for failure to file an appeal bond. We find that the record before the Board was such that the taking of additional evidence was correctly permitted.

Upon hearing on the merits, the court reversed the order of the Board, making the following entry:

"It is therefore the judgment of the Court in accordance with the findings herein above made, that the order of the Board of Zoning Appeals is reversed and vacated and this cause remanded to the Board of Zoning Appeals with instructions to enter and order consistent with the findings and opinion of the Court, that it order the Commissioner of Building and Housing to grant to the said appellants their application for a permit as therein applied for; and further, that the said Commissioner of Building and Housing is ordered to issue the permit applied for and in accordance with the terms thereof."

The City's assignments of error are:

"(1) The Court of Common Pleas erred in finding that an appeal filed under §§2506.01 to 2506.04 inclusive, R. C., was neither an appeal on questions of law nor one on questions of law and fact but a new type of appeal.

"(2) The Court of Common Pleas erred in finding that the supersedeas bond required by §2505.06 R. C., for the perfecting of an appeal on questions of law and fact was not required under the provisions of §§2506.01 et seq, R. C.

"(3) The Court of Common Pleas erred in permitting the appellee to introduce evidence which was available but not proffered at the hearing before the Administrative Agency.

"(4) The Court of Common Pleas erred in finding that zoning ordinance No. 533-43 of the City of Cleveland is unenforceable and violative of the constitutional rights of the appellees.

"(5) The Court of Common Pleas erred in finding that the order of the Board of Zoning Appeals was contrary to the manifest weight of the evidence presented to said Board."

It should be noted at the very outset that the question presented in appellee's brief as to the validity of the amendatory ordinance is not before this court. The plaintiff-appellee did not file a separate appeal bringing that question up to this court for consideration, nor was a cross appeal filed as provided by §2505.22 R. C., which, under the claims presented, would have been proper in this case.

We come, therefore, to the questions of law presented by the claims of the appellant. The right to appeal to the courts from the final order of an administrative agency is now clearly provided by law. While §119.12 R. C., is limited to state agencies, §2505.03 R. C., and **Chapter**

2506 R. C., when taken together, provide for appeals to the courts from administrative agencies of all political subdivisions of the government, state or local. Sec. 2505.03 R. C., provides:

"Every final order, judgment, or decree of a court and, when provided by law, the final order of any administrative officer, tribunal, or commission may be reviewed as provided in §§2505.04 to 2505.45 inclusive, R. C., unless otherwise provided by law, except that appeals from judgments of justices of the peace upon questions of law and fact shall be taken as provided in §§1921.01 to 1921.16 inclusive, R. C."

That the right thus provided includes all administrative agencies is supported by the cases of A. DiCillo & Sons, Inc. v. Chester Zoning Board of Appeals et al, 158 Oh St 302, 109 N. E. 2d 8, and Mentor Lagoons, Inc. v. Zoning Board of Appeals, 168 Oh St 113, 151 N. E. 2d 533.

In some cases the procedure to be followed on appeals to the court from administrative agencies, where not provided for by the legislative act creating the agency, was somewhat in doubt so that in 1957 a special act was passed to clarify the steps to be taken. Sec. 2506.01 R. C., provides in part:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board bureau, commission, department or other division of any political subdivision of the state may be reviewed by the common pleas court of the county in which the principal office of the political subdivision is located, as provided in §§2505.01 to 2505.45 inclusive, R. C., and as such procedure is modified by §§2506.01 to 2506.04 inclusive, R. C.

"The appeal provided in §§2506.01 to 2506.04 inclusive, R. C., is in addition to any other remedy of appeal provided by law."

Sec. 2506.02 R. C., provides the manner in which the transcript of the proceedings shall be presented to the court as the evidence upon which the appeal will be considered. Sec. 2506.03 R. C., provides that the appeal shall proceed as in the trial of a civil action, the court being confined in the consideration of questions of fact to the transcript, unless, for the reasons therein set out, in the interest of justice, additional evidence is required. In such event the court may permit the taking of additional evidence. The provisions of this Chapter are to be considered as supplementing the then existing provisions for appeals to the Court of Common Pleas from final orders of administrative agencies under Chapter 2505 R. C.

The provisions of Chapter 2505 R. C., having to do with appeals on law and fact as limited by §2501.02 R. C., are not applicable to appeals from administrative agencies. The fact that the notice of appeal in this case set out that the appeal was on law and fact is not determinative of the nature of the appeal. Except as provided by Chapter 1921 R. C., which permits an appeal from the county court to the common pleas court on questions of law and fact, appeals from judicial decisions on law and fact are confined to matters in chancery. But even under such judicial appeals, the failure to give bond requires that the appeal proceed as one on questions of law and does not require a dismissal of the appeal. The claim that the appeal was not properly perfected is, therefore, overruled. This disposes of Claims of Error one, two and three.

The final question dealing with the judgment entered by the court directing the City to issue a permit for the construction of an oil and gasoline service station on the appellee's property is dependent upon the authority granted the court under §2506.04 R. C.  This section provides:

"The court may find that the order, adjudication or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record.  Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication or decision, or remand the cause to the officer or body appealed from with instructions to enter an order consistent with the findings or opinion of the court.  The judgment of the court may be appealed by any party on questions of law pursuant to §§2505.01 to 2505.45 inclusive, R. C."

The finding of the court was that as to appellee's property, the amended ordinance of 1943, changing the zoning of such property from Class C-1 Business to Class B Dwelling (two family dwellings) was unenforceable and violative of the constitutional rights of the appellee is supported by reliable and probative evidence as shown by the record. Assignments of error four and five are, therefore, overruled.

For the foregoing reasons the judgment is affirmed.

HURD, PJ, KOVACHY, J, concur.