SHAKER COVENTRY CORP., APPELLEE, *v.* SHAKER HEIGHTS BOARD OF ZONING APPEALS ET AL., APPELLANTS.*

(No. 25647—Decided February 8, 1962.)

*Motion to certify the record overruled (37557), July 5, 1962. Appeal dismissed, 173 Ohio St., 572.

*Messrs. Van Aken, Whiting, Arnold, Bond & Nash* and *Messrs. DuLaurence & DuLaurence*, for appellee.

*Mr. Walter C. Kelley, Jr.*, director of law, for appellants.

HURD, J. This appeal comes to this court on questions of law from a judgment entered on appeal to the Court of Common Pleas of Cuyahoga County from a final order of the Zoning Board of Appeals of the City of Shaker Heights.

The appellee in this court, the Shaker Coventry Corporation, is the owner of a plot of vacant land located at the southwest corner of Shaker Boulevard and Coventry Road in the city of Shaker Heights.

The subject property was originally allotted in 1910 and consists of the easterly part of sublot No. 124 and all of sublot No. 125 immediately adjoining the Cleveland boundary line. The property immediately adjacent to the west is completely developed with high-rise apartments on both sides of the street. The Shaker Heights property has been lying vacant since it was originally allotted in 1910 and has been variously zoned. At one time in 1932, it was zoned for apartment house use. In 1947, The Van Sweringen Company, the original allotter, by duly recorded waiver, released the restrictions as to sublot No. 125 so as to permit its use for apartment house purposes. It is undisputed that The Van Sweringen Company developed Shaker Heights and was noted for its zeal in preserving its overall plan for an orderly development of the city.

The appellee proposes to build a five-story apartment house, described as the "finest type" now existing in the city of Shaker Heights on the above property.

The trial judge had before him a transcript of the record of the Zoning Board of Appeals and its findings and additional evidence consisting of maps, photographs, title reports, and zoning ordinances. In addition thereto, the court heard the testimony of many witnesses, including the Mayor of Shaker Heights, and seven expert witnesses presented by the appellee. The burden of the testimony of the expert witnesses was to the effect that the present zoning for single family or duplex use had no connection with the health, welfare, morals or safety of the community.

The trial judge, after a lengthy trial, rendered an extended

opinion, in addition to conclusions of law and fact. The pertinent finding and judgment of the trial judge, in reversing the decision of the Zoning Board of Appeals, is that the existing zoning ordinance as it applies to the subject property is arbitrary, unreasonable and beyond the zoning power of the city. The trial court then directed the Building Department of the City of Shaker Heights to issue a building permit pursuant to the application of the appellee, subject, however, to all other applicable provisions of the zoning ordinances and building code of the city of Shaker Heights, and to do all other things necessary and proper to carry into effect the finding and order of the court.

The foregoing facts and many others are not in dispute. We are confronted only with questions of law.

The errors assigned by the appellants, Shaker Heights Zoning Board of Appeals and the Building Commissioner, are as follows:

"1. The Court of Common Pleas erred in denying the motion of appellees-appellants to dismiss the petition on the grounds that the Court of Common Pleas had no jurisdiction to hear or determine the merits of the appeal.

"2. The Court of Common Pleas erred in assuming jurisdiction of the subject-matter and granting relief to appellant-appellee when the Board of Zoning Appeals of the City of Shaker Heights, from which this appeal was taken, had no authority to amend the zoning plan of the city of Shaker Heights, to approve a variance from the zoning plan or to approve or issue a building permit.

"3. The Court of Common Pleas erred in finding that the zoning of appellant-appellee's property for single family or duplex purpose is improper, invalid, unreasonable and arbitrary and in ordering the issuance of a building permit for an apartment building on appellant-appellee's property.

"4. The Court of Common Pleas erred in that its judgment is not sustained by sufficient evidence and is against the weight of the evidence and its judgment is contrary to law.

"5. The Court of Common Pleas erred in other respects apparent in the record and prejudicial to the rights and interests of the appellees-appellants, to which exceptions were duly made."

So far as the assigned error involving the question of the weight of the evidence is concerned, it is our opinion that the finding of the trial court, that the zoning ordinance as applied to appellee's property was arbitrary, unreasonable, unenforceable, and violative of the constitutional rights of the appellee, is supported by reliable and probative evidence as shown by the record.

The principal ground of error upon which the appellants rely is that the Court of Common Pleas was without jurisdiction to hear and determine the merits of the appeal. The cause was appealed to the Court of Common Pleas as provided in Sections 2506.01 to 2506.04, inclusive, Revised Code. The appellee filed a motion to dismiss the appeal on the ground of lack of jurisdiction of the subject matter by both the Shaker Heights Board of Zoning Appeals and the Court of Common Pleas, which motion was overruled by the judge sitting in room one of the Court of Common Pleas, and a motion to the same effect was overruled by the trial judge in this case.

The procedure provided for by Section 2506.01 *et seq.*, Revised Code, has been held to be the manner by which to test the validity of zoning ordinances. In *Vlad* v. *City of Cleveland Board of Zoning*, 111 Ohio App., 70, 164 N. E. (2d), 797, this court held that the record before the Zoning Board of Appeals was such that the taking of additional evidence in the Court of Common Pleas, under Section 2506.01 *et seq.*, Revised Code, was clearly permitted, that, under these sections of the Code, every final order of any administrative officer, tribunal, or commission may be reviewed unless otherwise provided by law, and that the chapter dealing with appeals from orders of administrative officers and agencies provides for appeals to the courts from administrative agencies of all political subdivisions of the government. In that case, this court held that the right of appeal thus provided included appeals from all administrative agencies and in support thereof cited *A. DiCillo & Sons, Inc.,* v. *Chester Zoning Board of Appeals,* 158 Ohio St., 302, 109 N. E. (2d), 8, and *Mentor Lagoons, Inc.,* v. *Zoning Board of Appeals,* 168 Ohio St., 113, 151 N. E. (2d), 533, and affirmed the judgment of the Court of Common Pleas reversing the decision of the Zoning Board of Appeals of the City of Cleveland which had denied the right to build a gasoline station on the subject property.

In *State, ex rel. Fredrix,* v. *Village of Beachwood,* 171 Ohio St., 343, 170 N. E. (2d), 847 (decided November 30, 1960), the property which had originally been zoned for retail use had been rezoned for residential purposes only. The relator requested the village authorities to change the zoning of his property to a business use and grant to him a permit to construct a gasoline service station. This request being refused, the relator brought an action in mandamus in the Court of Appeals to compel the granting of the requested building permit. Relator contended, as is done in the instant case, that the zoning ordinance, so far as it restricted his property, was an improper exercise of the police power because the restrictions bore no reasonable relationship to the public health, safety, morals and general welfare, and that the applicable ordinance was void and of no effect. The Court of Appeals denied the writ and dismissed the petition. The Supreme Court stated in the *per curiam* opinion the following:

"Relator had an adequate remedy by way of appeal under authority of Chapter 2506, Revised Code, providing for a judicial review of final orders of administrative boards of municipalities, to test the validity of the zoning ordinance.

"Relator failed to employ that remedy, and this court is of the opinion that the Court of Appeals did not abuse its discretion in denying the writ."

The court cited in support of its *per curiam* opinion *State, ex rel. Lorain County Savings & Trust Co.,* v. *Board of County Commrs. of Lorain County,* 171 Ohio St., 306; *State, ex rel. Gund Co.,* v. *Village of Solon,* 171 Ohio St., 318; *State, ex rel. Grant, Exr.,* v. *Kiefaber et al., Montgomery County Planning Comm.,* 171 Ohio St., 326.

Thus, it will be noted that the latest decisions by the Courts of Appeals and by the Supreme Court are to the effect that the proper remedy to test the validity of zoning ordinances and for a judicial review of the final orders of administrative boards of municipalities is by way of appeal under the procedure provided for in Chapter 2506 of the Revised Code.

The peculiar proposition advanced by the appellants is that, because the Zoning Board of Appeals refused to take jurisdiction of this matter, the trial court was also without jurisdiction. This, in our opinion, is a fallacious argument. If this conten-

tion were sound, no relief could be granted to any property owner who felt aggrieved. The council of the city having established the zoning, the Building Commissioner could not issue the permit contrary thereto. It follows, therefore, that the Zoning Board of Appeals, in its refusal to accept jurisdiction, leaves the complainant with only the remedy of appeal to the courts under Chapter 2506 of the Revised Code. In the instant case, the appellee invoked the only remedy available to it. See *State, ex rel. Fredrix,* v. *Village of Beachwood* and other above-cited cases to the same effect.

Upon consideration of the entire record, we think that no question of variance is presented because under the overwhelming weight of the evidence, as shown by the record, it is quite certain that the zoning ordinance, when applied to and limited to the subject property, is confiscatory, arbitrary, capricious and has no reasonable relation to the health, welfare, morals and safety of the community and thus constitutes a taking of property without due process within the contemplation of Section 16, Article I of the Constitution of the State of Ohio.

We have reviewed and considered the other assigned errors and conclude that the same are not well taken.

For the reasons stated, the judgment of the Court of Common Pleas is affirmed in the allowance of the erection of an apartment house on the subject property not to exceed permissible heights and subject to all other applicable provisions of the zoning ordinances and building code of the city.

*Judgment accordingly.*

KOVACHY, P. J., and SKEEL, J., concur.