The STATE, ex rel. BURGER KING CORPORATION,

v.

VILLAGE OF OAKWOOD.

[Cite as *State, ex rel. Burger King Corp., v. Oakwood* (1991), 72 Ohio App.3d 157.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60797.

Decided Jan. 14, 1991.

*Isaac Schulz, Bill J. Gagliano* and *Susan H. Abramson,* for relator.

*Joseph W. Diemert, Jr.,* Law Director, for respondent.

*William J. Brown, Roger P. Sugarman* and *Herbert M. Richardson,* for intervenor.

*Per Curiam.*

Relator, Burger King Corporation ("Burger King"), is seeking a writ of mandamus to compel respondents, the village of Oakwood and Lila Mae Lumpkins, Helen Alexander, Edna Maresh, Corinne Curtis and Carmella Morganti, as members of the village of Oakwood Board of Zoning Appeals (collectively the "board"), to hear its appeal on the merits from the decision of the village council ("council") granting a similar use permit to a land developer. The similar use permit allowed the construction of a solid waste transfer station and recycling facility on land now owned by intervenor, Mid–American Waste Systems of Ohio, Inc. ("Mid–American"), which is adjacent to Burger King's food distribution warehouse. The board denied Burger King's appeal, stating it had no jurisdiction to review a decision of council. For the following reasons, we grant a writ of mandamus and order the board to accept jurisdiction of Burger King's appeal.

The extraordinary writ of mandamus is available only when the usual forms of procedure are incapable of affording relief. *State, ex rel. Woodbury, v. Spitler* (1973), 34 Ohio St.2d 134, 137, 63 O.O.2d 229, 231, 296 N.E.2d 526, 528. Thus, a writ of mandamus is to be issued with caution and only when (1) the relator has a clear legal right to the relief requested, (2) the respondent has a clear legal duty to perform the requested action, and (3) the relator has no plain and adequate remedy in the ordinary course of law. *State, ex rel. Westchester, v. Bacon* (1980), 61 Ohio St.2d 42, 15 O.O.3d 53, 399

N.E.2d 81, paragraph one of the syllabus. All three elements are satisfied in this case.

Burger King has a clear legal right to have its appeal heard on the merits and the board has a clear legal duty to hear Burger King's appeal pursuant to the Charter of the Municipality of Oakwood Village, Ohio (the "charter") and the Codified Ordinances of Oakwood. Article X, Section 10.03(C) of the charter, which specifies the jurisdiction of the board, provides in part that "[t]he Board shall hear and decide all appeals from decisions of the Building Commissioner or Inspector concerning permits and appeals from decisions of the officers enforcing zoning regulations or issuing zoning or use permits." Pursuant to Oakwood Ordinances Section 1139.04, only the Planning Commission and council may authorize similar use permits. Oakwood Ordinances Section 1143.03 provides that "[t]he Board of Zoning Appeals shall adopt such rules and regulations as may be necessary to carry into effect the powers and jurisdiction conferred upon it as follows: (a) To hear and determine appeals from decisions made by the Building and Zoning Inspector, the Planning Commission, or any administrative officer on matters relating to this Zoning Code, or amendments thereto, for relief from any * * * determination, including the refusal, granting or revocation of permits * * *." Further, provided the designated procedural rules are followed, Oakwood Ordinances Section 1143.04 states that "[a]n appeal shall be entertained by the Board of Zoning Appeals only if formal action has been taken by the Building and Zoning Inspector and the Planning Commission, or other officials with regard to an application for a building permit * * * or some similar action * * *."

The board and Mid–American contend that these charter provisions and ordinances do not give Burger King a right of appeal to the board because, according to the charter and ordinances, the board is authorized to hear appeals from decisions of only the Building and Zoning Inspector, the Planning Commission, and officers or administrative officers. The board and Mid–American argue that council is not comprised of officers of the village and therefore is not a designated body from which an appeal to the board may lie. Several charter provisions, however, belie this contention. Article III, Sections 3.01 and 3.02 provide that elected officers of the village are to consist of the mayor and the council and that the village is to have such other officers as provided in the charter or in duly enacted ordinances. Article VI, which governs the nomination, election and qualifications of the mayor and members of council, uses the word "officer" interchangeably with the words "mayor" and/or "member of council" when referring to these elected officials. For example, Section 6.08 requires every village "officer" to take an oath or affirmation, and Section 6.09 provides for the removal of "officers," including

a member of council. After reviewing the charter, we have no doubt that members of council are officers of the village.

In addition, although council is primarily a legislative body, council may act administratively when executing or administering an ordinance already in existence. See *State, ex rel. Srovnal, v. Linton* (1976), 46 Ohio St.2d 207, 75 O.O.2d 241, 346 N.E.2d 764. Thus, when deciding whether to grant similar use permits pursuant to Oakwood Ordinances Section 1139.04, the members of council are acting as administrative officers.

The board and Mid–American also contend the board cannot hear an appeal from a decision of council regarding a similar use permit because council sits as a superior tribunal of review for decisions of the board pursuant to Section 10.03(C) of the charter. Article X, Section 10.03(C) of the charter provides in relevant part that "Council by ordinance may provide for affirmance, reversal or modification by it of any decisions of the Board and a hearing by the Council before any decision becomes effective." Although council has been given this authority if it so chooses, neither the board nor Mid–American has cited any ordinances enacted by council to implement this appeal procedure. Consequently, this issue is not ripe for review and we make no determination as to its outcome. Accordingly, pursuant to Article X, Section 10.03(C) and Oakwood Ordinances Sections 1143.03 and 1143.04, the board is under a clear legal duty to hear Burger King's appeal.

Last, Burger King has established that it has no adequate remedy in the ordinary course of law. R.C. Chapter 2506 provides for an appeal to the common pleas court from decisions of administrative tribunals. R.C. 2506.01 *et seq.* The refusal by a board of zoning appeals to accept jurisdiction is a final and appealable decision. *Shaker Coventry Corp. v. Shaker Heights Bd. of Zoning Appeals* (1962), 115 Ohio App. 472, 21 O.O.2d 114, 180 N.E.2d 27, appeal dismissed (1962), 173 Ohio St. 572, 20 O.O.2d 172, 184 N.E.2d 212; see, also, *State, ex rel. Henderson, v. Civil Serv. Comm.* (1980), 63 Ohio St.2d 39, 17 O.O.3d 24, 406 N.E.2d 1105. Thus, Burger King has a remedy in the ordinary course of law by way of appeal, and Burger King has, in fact, appealed from the board's denial of jurisdiction, *Burger King Corp. v. Oakwood,* Cuyahoga County Common Pleas case No. 200,053, filed November 5, 1990. However, the mere existence of the remedy of appeal may not be adequate under the circumstances. *State, ex rel. Liberty Mills, Inc., v. Locker* (1986), 22 Ohio St.3d 102, 22 OBR 136, 488 N.E.2d 883; *State, ex rel. Cody, v. Toner* (1983), 8 Ohio St.3d 22, 8 OBR 255, 456 N.E.2d 813. To be considered adequate, the remedy should be complete in its nature, beneficial and speedy under the circumstances. *Liberty Mills, supra.* The circumstances are exigent in this case and consist of the ongoing erection of a waste

facility which is being contested by an adjacent neighbor which wrongfully has been denied its right to an administrative appeal on the merits. By the time the multitude of possible appeals are exhausted on this jurisdictional issue alone, the facility undoubtedly will be completed and open for business. Because the duty to perform the requested act and the right to relief are clear in this case, we find the appeal process with respect to this jurisdictional issue inadequate. Accordingly, since Burger King has satisfied the required elements for the issuance of a writ of mandamus, the board is hereby ordered to hear on the merits the appeal of Burger King filed October 23, 1990, within fourteen days of the date of this decision.

*Writ granted.*

FRANCIS E. SWEENEY, P.J., DYKE and NAHRA, JJ., concur.