[Cite as *FAM 13375, Inc. v. Brook Park Bd. of Zoning Appeals*, 2025-Ohio-4668.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

FAM 13375, INC.,             :

      Plaintiff-Appellant,       :

                              No. 114498

      v.                         :

CITY OF BROOK PARK BOARD OF    :
ZONING APPEALS,

                                    :

      Defendant-Appellee.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** October 9, 2025

---

Administrative Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-101261

---

## *Appearances:*

Ogletree, Deakins, Nash, Smoak & Stewart, P.C., and
Komlavi Atsou, *for appellant.*

Michael L. Morgan, City of Brook Park, Board of Zoning
Appeals, *for appellee.*

MICHAEL JOHN RYAN, J.:

{¶ 1} In this administrative appeal, plaintiff-appellant FAM 13375, Inc.
("FAM 13375") appeals from the trial court's October 8, 2024 judgment granting the

motion to dismiss of defendant-appellee the City of Brook Park Board of Zoning Appeals. For the reasons that follow, we reverse the trial court's judgment.

**Factual and Procedural History**

{¶ 2} In July 2024, FAM 13375 filed a notice of appeal from the final order of the city's board of zoning appeals in the court of common pleas; the order denied FAM 13375's application for an occupancy permit for property located in Brook Park. FAM 13375's notice of appeal stated that the appeal was being brought pursuant to R.C. 2505.03 and 2505.04.[1]

{¶ 3} The city filed a motion to dismiss. According to the city, R.C. 2505.03 and 2505.04 were not the proper statutory sections for an administrative appeal of the political subdivision's zoning decision. Rather, the city contended that FAM 13375's appeal could only have been brought under R.C. 2506.01 and should have referenced the statutory language that the board of zoning appeals' final order was "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04.

{¶ 4} FAM 13375 opposed the city's motion to dismiss, contending that "'while R.C. 2506.01 authorizes an administrative appeal, R.C. Chapter 2505

---

[1] In September 2024, FAM 13375 also filed a verified complaint in the common pleas court seeking declaratory judgment and mandamus relief related to the same denial of its application for an occupancy permit. *See* Case No. CV-24-103302. The trial court in that case decided the case in favor of the city, and FAM 13375 has appealed that decision, which is being considered in a companion case to this case, 8th Dist. Cuyahoga No. 114490.

instructs as to the procedure for bringing the actual appeal.'" Brief in opposition, p. 2, quoting *Jacobs v. Cuyahoga Metro. Hous. Auth.*, 2015-Ohio-2278, ¶ 15 (8th Dist.), citing *Horner v. Bd. of Washington Twp. Trustees*, 2011-Ohio-5871, ¶ 12 (12th Dist.). FAM 13375 contended that it perfected its appeal under R.C. 2505.03 and 2505.04 and that neither required reference to R.C. 2506.01 nor the "magical words" of R.C. 2506.04.

{¶ 5} The trial court summarily granted the city's motion to dismiss. FAM 13375 appeals, raising the following sole assignment of error for our review: "The trial court erred as a matter of law when it granted the motion to dismiss FAM's administrative appeal filed by Brook Park."

**Law and Analysis**

{¶ 6} The Supreme Court of Ohio has held that "[a]n appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements." *Zier v. Bur. of Unemployment Comp.*, 151 Ohio St. 123 (1949), paragraph one of the syllabus; *see also Griffith v. J.C. Penney Co.*, 24 Ohio St.3d 112, 113 (1986). To invoke the jurisdiction of the common pleas court, the notice of appeal must be filed within the time specified in the statute, at the place designated by the statute, and with such content as required by the statute. *Zier* at 125.

{¶ 7} The question in this appeal is whether FAM 13375 invoked the correct statutes — R.C. 2505.03 and 2505.04 — in filing its appeal to the common pleas

court and whether its failure to mention R.C. 2505.01 was a jurisdictional defect requiring dismissal of its case.

{¶ 8} R.C. 2505.03 is titled "Appeal of a final order, judgment, or decree" and provides in relevant part as follows:

> (A) Every final order, judgment, or decree of a court and, when provided by law, the final order of any administrative officer, agency, board, department, tribunal, commission, or other instrumentality may be reviewed on appeal by a court of common pleas, a court of appeals, or the supreme court, whichever has jurisdiction.
>
> (B) Unless, in the case of an administrative-related appeal, Chapter 119 or other sections of the Revised Code apply, such an appeal is governed by this chapter and, to the extent this chapter does not contain a relevant provision, the Rules of Appellate Procedure. When an administrative-related appeal is so governed, if it is necessary in applying the Rules of Appellate Procedure to such an appeal, the administrative officer, agency, board, department, tribunal, commission, or other instrumentality shall be treated as if it were a trial court whose final order, judgment, or decree is the subject of an appeal to a court of appeals or as if it were a clerk of such a trial court.

R.C. 2505.03(A) and (B).

{¶ 9} R.C. 2505.04 is titled "Perfecting an appeal," and provides as follows:

> An appeal is perfected when a written notice of appeal is filed, in the case of an appeal of a final order, judgment, or decree of a court, in accordance with the Rules of Appellate Procedure or the Rules of Practice of the Supreme Court, or, in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved. If a leave to appeal from a court first must be obtained, a notice of appeal also shall be filed in the appellate court. After being perfected, an appeal shall not be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal is jurisdictional.

{¶ 10} It has been held that the "timely filing with the township clerk of a proper notice of appeal from a township board of zoning appeals' decision properly

perfects such appeal under R.C. 2505.04." *Barensfeld v. Coventry Twp. Bd. of Zoning*, 1993 Ohio App. LEXIS 4884, *5 (9th Dist. Oct. 6, 1993).

{¶ 11} The city contends here, as it did in the trial court, that FAM 13375 should have invoked R.C. 2505.01 in its notice of appeal and that its failure to do so was a jurisdictional failure. R.C. 2506.01 is titled "Appeals from decisions of agency of political subdivision" and provides as follows:

> (A) Except as otherwise provided in sections 2506.05 to 2506.08 of the Revised Code, and except as modified by this section and sections 2506.02 to 2506.04 of the Revised Code, every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code.
>
> (B) The appeal provided in this section is in addition to any other remedy of appeal provided by law.
>
> (C) As used in this chapter, "final order, adjudication, or decision" means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding.

{¶ 12} The city contends that

> [t]he Supreme Court of Ohio has pointed out that Chapter 2506 was enacted by the legislature largely to accommodate the "the growing volume of zoning and building litigation confronting our courts and arising from adversary proceedings in respect to the interpretation and administration of urban and rural zoning and building ordinances."

City's brief, p. 7, quoting *State ex rel. Sibarco Corp. v. Berea*, 7 Ohio St.2d 85, 90 (1966).

{¶ 13} *State ex rel. Sibarco Corp.* does not state that an administrative appeal of a zoning decision must invoke R.C. Ch. 2506 and the failure to do so is a jurisdictional defect. Besides the above-quoted text, *State ex rel. Sibarco Corp.* does not make further mention of R.C. Ch. 2506. Rather, the issue in the case was whether a writ of mandamus, as opposed to an appeal to the common pleas court, was the appropriate avenue for review of a zoning decision.

{¶ 14} In a case decided by this court after the enactment of R.C. Ch. 2506, *Vlad v. Cleveland Bd. of Zoning*, 111 Ohio App. 70 (8th Dist. 1960), this court stated that "[R.C.] 2505.03 and Chapter 2506, when taken together, provide for appeals to the courts from administrative agencies of all political subdivision of the government state or local." *Id.* at 73. This court further stated that "[t]he provisions of Chapter 2506, Revised Code, are to be considered as supplementing the provisions for appeal to the Common Pleas Court from final orders of administrative agencies under Chapter 2505, Revised Code." *Id.* at paragraph four of the syllabus. *See also Noble v. Bd. of Zoning Appeals*, 1975 Ohio App. LEXIS 6676, *4 (8th Dist. Feb. 13, 1975) ("[A]ppeals of this nature may be taken to the Common Pleas Court as provided in Sections 2505.01 to 2505.14 inclusive of the Revised Code . . . . The provisions of [R.C.] Chapter 2505 . . . are controlling as to the procedure and time schedules to be followed in perfecting such appeals.").

{¶ 15} The city has not cited any case law that FAM 13375 had to specifically state that its appeal was being brought under R.C. 2506.01 or invoke the language of R.C. 2506.04, and we have not found any stating that. In light of the case law

cited above, FAM 13375's notice of appeal invoking R.C. 2505.03 and 2505.04 was proper. FAM 13375's sole assignment of error is well taken.

{¶ 16} As mentioned, there is a companion appeal to this case and the trial court's decision in the companion case was favorable to the city. The city contends that based on the common pleas court's decision in the companion case, the issues FAM 13375 raised in the trial court in this case are moot and barred by the doctrine of res judicata. If the city is successful on appeal in the companion case, those claims will be for the trial court to decide on remand, since it is well established law that issues cannot be decided for the first time on appeal. *Tucker v. Leadership Academy for Math*, 2014-Ohio-3307, ¶ 20 (10th Dist.).

{¶ 17} Judgment reversed; case remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MICHAEL JOHN RYAN, JUDGE

EILEEN A. GALLAGHER, A.J., and
DEENA R. CALABRESE, J., CONCUR